**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **DARLINGTON NNABUIHE,** )<br>           **Plaintiff,**           )<br>                                                  )<br>**v.**                                           )<br>                                                  )<br>**DALLAS COUNTY CRIMINAL COURTS,** )<br>**et al.,**                                   )<br>           **Defendant.**             ) | **3:05-CV-2115-H**<br>**ECF** |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court, the subject cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a civil action brought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, by a detainee who is undergoing deportation or revocation proceedings. He has paid the $5.00 filing fee required by this Court.[1]

Parties: Plaintiff is presently detained by the Bureau of Immigration and Customs Enforcement (ICE) at the Rolling Plains Detention Center in Haskell, Texas. (Complaint at 1-2). Defendants are the "Dallas County Criminal Court, the Clerk of the court, District Attorney and whoever that is in possession of records that Petitioner seeks." (Id. at 1). The Court has not issued process in this case.

---

[1] The Court liberally construed this action in the nature of mandamus for purposes of determining the applicable filing fee

Statement of Case: The complaint alleges that Defendants, state agencies, have refused to provide Plaintiff records that he has requested since September 1994. The requested records relate to a Dallas County criminal proceeding, specifically "Crim. Case No.: MA-97-45378." (Id. at 1-2). Plaintiff requests declaratory, injunctive, and monetary relief. (Id. at 2-3).

Findings and Conclusions: Before addressing the complaint, the Court must first examine the threshold question of whether it has subject matter jurisdiction. That is an issue of paramount concern, and should be addressed, *sua sponte* if necessary, at the inception of any federal action. System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky, 242 F.3d 322, 324 (5th Cir. 2001); Moody v. Empire Life Ins. Co., 849 F.2d 902, 904 (5th Cir. 1988).

This Court lacks jurisdiction over Plaintiff's claim challenging the denial of state agency records. The Freedom of Information Act (FOIA), 5 U.S.C. § 552, applies only to requests for federal agency records. See Wright v. Curry, 122 F. Appx. 724, 725-726, (5th Cir. 2004) whereas only the Texas Open Records Act, TEX. GOV'T CODE § 552.001, et seq., applies to requests for state agency records. Furthermore, since there is no federal constitutional right to obtain records from a criminal case except on direct appeal, E.g. see Colbert v. Beto, 439 F.2d 1130, 1132 (5th Cir. 1971) and Bonner v. Henderson, 517 F.2d 135, 136 (5th Cir. 1975), no other basis for federal jurisdiction is present.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's complaint be dismissed for want of jurisdiction.

The Clerk will mail a copy of this recommendation to Plaintiff.

Signed this 5th day of January, 2006.

*Wm. F. Sanderson, Jr.*
_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.